United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL INSURANCE COMPANY,

    Plaintiff,

v.

KEVIN LANEY; CHARLES BURNETTE; BRANDON HOURMOUZUS; MARKE ZEMBRYCKI; KELLY LANEY; MIGUEL IBARRIA; BRIAN FEDERICO; BURNETTE ENGINEERING RESOURCES LLC AKA BER CONSULTANTS LLC; ROGUE CONSULTANTS; UT RADAR CONSULTING; HOURMOUZUS & SONS, LLC; and IMPERIAL SHOTCRETE, INC.,

    Defendants.

_____/

IMPERIAL SHOTCRETE, INC.,

    Third party plaintiff,

v.

BRIAN FEDERICO,

    Third party defendant.

_____/

No. C 12-04708 WHA

**ORDER GRANTING MOTION TO STAY PROCEEDING AND MOTION FOR JOINDER**

**INTRODUCTION**

    In this fraud and misappropriation action, defendants move to stay civil proceedings pending resolution of a criminal case involving a number of the defendants herein.

1  Defendant Kevin Laney moves to join defendant Charles Burnette in this motion to stay.
2  Only to the extent stated below, defendants' motions are **GRANTED**.

### STATEMENT

Matrix Service Company provides engineering, procurement, fabrication, construction, repair and maintenance services principally to the petroleum, petrochemical, power, bulk storage, terminal, pipeline and industrial gas industries. Matrix had an insurance policy with plaintiff Federal Insurance Company which provided indemnity for loss caused by employee theft. Matrix submitted to plaintiff a claim based on the alleged acts, and after an investigation, plaintiff paid Matrix $1,433,114 for its claim. Plaintiff now sues defendants in its capacity as subrogee and assignee of Matrix, pursuant to the terms of the insurance policy which entitles plaintiff to pursue subrogation rights against third parties responsible for the losses plaintiff has paid under the policy (2d Amd. Compl. ¶¶ 16–17).

Defendants Charles Burnette, Brandon Hourmouzus, Mark Zembrycki, Kevin Laney and Kelly Laney worked for Matrix as project managers. They were authorized to hire subcontractors, procure materials, and approve invoices for payment. Imperial Shotcrete, Inc. was a contractor hired by Matrix as a concrete supplier (*id.* at ¶¶ 32–33). Defendants Miguel Ibarria and Brian Federico worked for Imperial (*id.* at ¶ 35).

In an alleged conspiracy and scheme, defendants Burnette, Hourmouzus, Kevin and Kelly Laney created four separate companies (*id.* at ¶¶ 18–30). Imperial retained these four separate companies as subcontractors to provide goods and services to Imperial in connection with Matrix construction projects. Defendants Burnette, Hourmouzus, Kevin and Kelly Laney, through the separate companies they created, allegedly submitted to Imperial fraudulent invoices for goods that were never delivered and services that were never rendered. Defendants Ibarria and Federico, allegedly knowing the invoices were fraudulent, included those amounts in their own invoices submitted to Matrix by Imperial. Defendant Zembrycki allegedly used, without consent, the name of a legitimate company to create fraudulent invoices which were also sent to Imperial; the amount of those invoices were also included in the invoices submitted to Matrix by Imperial. When defendants received these invoices in their capacity as Matrix project managers,

2

they approved them (*id.* at ¶ 35). These acts allegedly occurred for about four years (*id.* at ¶ 34). The sum of fraudulent invoices submitted to Matrix by Imperial was of $1,655,249.10 (*id.* at ¶ 35).

In September 2012, plaintiff filed a civil complaint against the individual defendants and the companies that were created by the individual defendants. Plaintiff alleges fraud, concealment, misappropriation, breach of fiduciary duty, and unjust enrichment.

Three months after the civil complaint was filed, the indictment in *United States v. Ibarria*, no. 4:12-cr-00862-YGR was filed. Defendants Charles Burnette, Kevin Laney, Miguel Ibarria, Brian Federico, and Brandon Hourmouzus are defendants in that criminal case, assigned to Judge Yvonne Gonzalez Rogers. The indictment charges these defendants with conspiring to commit mail fraud and mail fraud, the same subject matter as the present civil action.

Defendant Charles Burnette filed this motion to stay proceedings pending resolution of criminal case and defendant Kevin Laney filed a joinder.

The hearing on this motion was held on February 14, 2013. Defendants are scheduled to appear at the Oakland Courthouse on February 22, 2013, for a status conference hearing regarding *United States v. Ibarria*. No notice to relate the two cases has been filed by any party.

**ANALYSIS**

**1. MOTION FOR JOINDER.**

Defendant Kevin Laney moves to join in defendant Charles Burnette's motion to stay civil proceedings pending resolution of criminal case (Dkt. No. 75). Plaintiff argues that the arguments by defendant Laney must be contained with those in defendant Burnette's motion. Not so. Defendant Laney's motion for joinder is **GRANTED**.

**2. MOTION TO STAY PROCEEDING PENDING RESOLUTION OF CRIMINAL CASE.**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). "[A] court may decide in its discretion to stay civil proceedings . . . when the interests

3

of justice seem to require such action." *Ibid.* (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)) (internal quotations and citations omitted). The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. *Ibid.* (quoting *Molinaro*, 889 F.2d at 902) (internal quotations omitted). Our court of appeals has held that:

> the decisionmaker should consider the extent to which the defendant's *fifth amendment* rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324–325 (quoting *Molinaro*, 889 F.2d at 903) (emphasis in original).

**A.  Defendants' Fifth Amendment Privilege.**

"The strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser*, 628 F.2d at 1375-76. The parallel proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Id.* at 1376. Many district court decisions applying the *Molinaro* multi-factor test have held that if the defendant in both criminal and civil proceedings is an individual who has been indicted and the issues in both proceedings are the same, the defendant's Fifth Amendment privilege will be implicated. *See e.g., Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 U.S. Dist. LEXIS 60849, at *6 (E.D. Cal. July 15, 2009) (Judge Frank Damrell, Jr.); *Jones v. Conte*, 2005 U.S. Dist. LEXIS 46962, at *3 (N.D. Cal. Apr. 19, 2005) (Judge Susan Illston); *Allied World Nat'l Assur. Co. v. SK PM Corp.*, 2011 U.S. Dist. LEXIS 82602, at *9–10 (E.D. Cal. July 28, 2011) (Judge Oliver Wanger).

4

1  Here, defendants' Fifth Amendment privilege will be implicated.  Defendants Burnette
2  and Laney were indicted for the same conduct as the civil suit.  In both proceedings, defendants
3  are accused of defrauding Matrix by knowingly submitting false and inflated invoices to Matrix
4  that exceeded the actual work performed and the materials used (2d Amd. Compl. ¶¶ 34–35,
5  Dkt. No. 69 Exh. 1 at 8).  As a result, at least some disclosures provided in the civil proceedings
6  will be relevant to the issues in the criminal proceedings.  Allowing the civil proceedings to
7  continue will permit the government to gain access to discovery that it would otherwise not
8  have under the federal rules of criminal procedure, such as documents derived from initial
9  disclosures, defendants' responses to interrogatories, pleadings and admissions at any
10 depositions (Dkt. No. 65 Exh. A at 5).

11 Plaintiff argues that the defendants' motion should be denied because there is no
12 constitutional right to a stay.  *See Keating*, 45 F.3d at 324.  While this is undoubtedly correct,
13 defendants do not contend otherwise.  Rather, defendants argue that their Fifth Amendment
14 rights will be implicated by discovery and disclosures required in the civil action.  This factor
15 heavily weighs in favor of a stay, at least for a few months.

### B. Plaintiff's Interest and Defendant's Burden.

17 Plaintiff notes that only two of the seven defendants are seeking a motion to stay.
18 Plaintiff argues that if granted, a stay would prejudice plaintiff because it would impede its
19 ability to timely pursue relief against the remaining defendants.  This is plaintiff's most
20 persuasive argument.  Plaintiff has paid its insured for the loss and is thus entitled to be
21 compensated in a timely manner.

22 Defendants argue that plaintiff will benefit from the stay because through the criminal
23 proceedings, the government will conduct much of the necessary litigation that will resolve the
24 allegations at issue in the civil proceedings, at no cost to the plaintiff.

25 This is incorrect unless the criminal prosecution goes to trial.  If there are guilty pleas
26 instead, the underlying discovery will not ordinarily be turned over to plaintiff by the
27 government.  The guilty pleas themselves may wind up being the lesser included offenses that
28 do not read on plaintiff's claims herein.

5

### C.  Court's Convenience in Managing Its Docket.

Defendants argue that judicial resources will be saved to the extent that the resolution of the criminal proceedings resolves issues in the civil proceedings, avoiding duplication of work in two cases. Plaintiff, however, argues that a stay would require the Court to wait indefinitely for the criminal proceedings to end before the civil proceedings can proceed. To reconcile both of these issues, some courts have granted stays for a finite period of time. *Taylor, Bean & Whitaker Mortg. Corp.*, 2009 U.S. Dist. LEXIS 60849 at *10 (motion to stay granted for six months); *Jones*, 2005 U.S. Dist. LEXIS 46962 at *5 (motion to stay granted until the resolution of the criminal proceeding or until six months from the date of the order, whichever occurs first). Granting a short stay is reasonable, as to the moving parties only.

### D.  Non-Party and Public Interests.

Neither defendants nor plaintiff note any non-party and public interests. These factors, therefore, receive minimal consideration.

### E.  Additional Arguments Made by Plaintiff.

Citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), plaintiff argues that defendants have not established the good cause necessary to seek a stay. The decision cited by plaintiff is inapposite. *Landis* does not address the issue of staying a civil proceeding pending the outcome of a criminal proceeding, and it does not concern a defendant who has been indicted.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay civil proceedings is **GRANTED** only as it relates to defendants Charles Burnette and Kevin Laney. No stay is imposed as to anyone else. A case management conference will be scheduled in four months, at **11:00 A.M.** on **JUNE 20, 2013**, to re-evaluate the need for a longer stay. The Court is mindful of plaintiff's interest in recovering gains and in due course the calculus of equities will be re-assessed. In the

meantime, counsel and all parties, including Burnette and Laney, are ordered to preserve all evidence relevant to this case.

**IT IS SO ORDERED.**

Dated: February 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE