IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL INSURANCE COMPANY,

    Plaintiff,

v.

KEVIN LANEY, et al.,

    Defendants.
_____/

IMPERIAL SHOTCRETE, INC.,

    Third Party Plaintiff,

v.

BRIAN FEDERICO,

    Third Party Defendant.
_____/

No. C 12-04708 WHA

**ORDER GRANTING MOTION TO SUBSTITUTE MATRIX SERVICE COMPANY AS PLAINTIFF FOR FEDERAL INSURANCE COMPANY AND VACATING HEARING**

**INTRODUCTION**

In this fraud and misappropriation action, plaintiff Federal Insurance Company moves to substitute Matrix Service Company as plaintiff. For the reasons stated below, the motion to substitute plaintiffs is **GRANTED.** The July 25 hearing is **VACATED.**

**STATEMENT**

The main question presented by plaintiff's motion is whether substitution is proper under Rule 25(c). The basic facts are set out in previous orders and need not be repeated here (see Dkt. No. 90). The facts relevant to this order follow.

Defendants Charles Burnette, Brandon Hourmouzus, Mark Zembrycki, Kevin Laney and Kelly Laney worked for Matrix Service Company as project managers. They were authorized to hire subcontractors, procure materials, and approve invoices for payment. Imperial Shotcrete, Inc. was a contractor hired by Matrix as a concrete supplier (2d Amd. Cmpl. at ¶¶ 32–33). Defendants Miguel Ibarria and Brian Federico worked for Imperial (*id.* at ¶ 35).

Matrix Service provided (and still provides) engineering, procurement, fabrication, construction, repair and maintenance services principally to the petroleum, petrochemical, power, bulk storage, terminal, pipeline, and industrial gas industries. During the relevant time period, Matrix had an insurance policy with plaintiff Federal Insurance Company which provided indemnity for loss caused employee theft. Matrix submitted to Federal a claim for loss caused by employee theft; after an investigation, Federal paid Matrix $1,433,114 for its claim. Federal then filed the instant lawsuit against defendants in its capacity as subrogee and assignee of Matrix, pursuant to the terms of the insurance policy which entitles FIC to pursue subrogation rights against third parties responsible for the losses it has paid under the policy (*id.* at ¶¶ 16–17).

Three months after the civil complaint was filed, the indictment in *United States v. Ibarria*, No. 4:12-cr-00862-YGR was filed. Defendants Charles Burnette, Kevin Laney, Miguel Ibarria, Brian Federico, and Brandon Hourmouzus are defendants in that criminal prosecution, assigned to Judge Yvonne Gonzalez Rogers. The indictment charges these defendants with conspiring to commit mail fraud and mail fraud, the same subject matter as the present civil action. Defendants' motion to stay civil proceedings herein was granted with respect to defendants Charles Burnette and Kevin Laney. A case management conference is scheduled for July 25 to determine whether the stay should be lifted (Dkt. No. 90).

On May 13, 2013, Federal assigned all of its rights and remedies against all defendants, including all claims and causes of actions alleged in this lawsuit, to Matrix. As a result of this assignment, Matrix and Federal seek to substitute Matrix for Federal as plaintiff in this action. Matrix has notified each party that has appeared in this lawsuit that Matrix intended to file

this motion to substitute.  All parties except for Miguel Ibarria and Imperial Shotcrete have authorized the substitution.  Ibarria and Shotcrete have filed an opposition to the motion.

## ANALYSIS

### 1. MOTION TO SUBSTITUTE.

Rule 25(c) allows a substitution upon a transfer of interest.  This rule provides "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands."  *Educational Credit Management Corp. v. Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

Defendants argue that the motion for substitution should be denied because FIC's assignment of rights to Matrix was "dilatory" (Dkt. No. 110 at 8).   Defendants offers no authority for this proposition but rather analogize from Rule 25(a)(1).  The analogy is misguided.  Rule 25(a) deals with substitution in the case of the death of a party.  Rule 25(c) governs substitutions when interests have been transferred.  Rule 25(c) applies in this case, because Federal has transferred its interest to Matrix.  Rule 25(c) has no time limit, and no reported decision has ever applied Rule 25(a)(1)'s time limit to Rule 25(c).

The core of defendants' objection appears to be that the substitution would somehow impair their ability to "prepare for a fair trial" (Reply Br. 8).  Defendants do not, however, articulate how this substitution would inhibit their preparation.  Given that the claims and facts remain the same, this order finds this argument without merit.

Allowing substitution here is consistent with our court of appeal's holding in *Bernal*.  Federal's interest has changed hands to Matrix.  Given that the facts and claims in the complaint remain unchanged, Matrix's substitution allows this action to continue as before.  Matrix has effectively stepped back into own shoes following assignment of its interest in this litigation to Federal and Federal's later reassignment of that same interest back to Matrix.

2. **DEFENDANTS' REQUESTS FOR SPECIFIC ORDERS.**

Defendants request the following orders: (1) that Matrix can only assert Federal's rights and remedies in this lawsuit; (2) that defendants be allowed 30 days to file a compulsory counterclaim against Matrix for so-called legitimate invoices which defendants claim Matrix owes totaling about $500,000; and (3) that a new case management conference should be held at which current cutoff and discovery dates are vacated and new and different dates are set.

Matrix and Federal move to substitute Matrix for Federal, not to add additional claims against defendants. To do the latter, Matrix would have to first move to amend its complaint. Defendants may make their objections at that time.

As to defendants remaining requests, a case management conference is scheduled for July 25, 2013, to re-evaluate the need for a longer stay. The Court will then determine whether any modification to the deadlines set by the case management order are warranted.

The hearing on this motion for July 25 is hereby vacated. The case management conference set for **JULY 25 AT 8 A.M. IS NOW MOVED TO 11 A.M.**

## CONCLUSION

For the reasons stated above, the motion to substitute plaintiffs is **GRANTED**. Matrix is hereby **ORDERED** to file an amended complaint that substitutes its name for Federal and makes no additional changes of any kind by **NOON** on **TUESDAY, JULY 16**.

**IT IS SO ORDERED.**

Dated: July 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4